[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2011
JOHN LEY
CLERK

No. 10-12582
Non-Argument Calendar

_____

D.C. Docket No. 1:00-cv-02520-TWT

DANNY M. BENNETT,
DANNY L. REID,
TAMMY R. BENNETT,

                                                    Plaintiffs - Appellees,

versus

DENNIS LEE HENDRIX,
Individually and in his Official capacity as Sheriff of Forsyth County,

                                                    Defendant - Appellant,

EARL A. SINGLETARY,
individually and in his official capacity as
Chief Deputy Sheriff of Forsyth County, et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 19, 2011)

Before MARTIN, BLACK, and RESTANI[*] Circuit Judges.

PER CURIAM:

This appeal presents the latest iteration of a now eleven-year-old civil suit. The plaintiff-appellee, Danny M. Bennett ("Bennett"), alleged that the defendant-appellant, Dennis Lee Hendrix ("Hendrix"), engaged in tortious misconduct as part of Hendrix's 2000 campaign for reelection as Sheriff of Forsyth County. Specifically, Bennett claimed that Hendrix engaged in defamation by distributing 36,000 fliers that stated untruthfully that Bennett was a convicted criminal. Bennett v. Hendrix, 325 F. App'x 727, 728–29, 734 (11th Cir. 2009). A jury agreed, and awarded Bennett $3.6 million dollars for damages caused by the three fliers. Id. at 734. Subsequently, a panel of this Court held that 24,000 of the fliers were protected by the First Amendment, and remanded for further proceedings consistent with that outcome. Id. at 740. The district court, in turn, reinstated the jury verdict, concluding a new trial was unnecessary because the jury would likely reach the same outcome.

While we recognize the obvious interest of everyone involved to see this litigation end, our precedent does not permit the jury's general verdict to stand.

---

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

Specifically, we must reverse because the reinstated verdict improperly relies upon the premise that all three fliers were defamatory. But because we held that two of the three fliers were in fact protected speech, the jury was not permitted to premise any damages upon those two fliers. Bennett, 325 F. App'x at 740. As a result, we must reverse the reinstatement of the general verdict in this case, which has the same consequence of effecting such an impermissible outcome. See Greenbelt Coop. Publ'g Ass'n v. Bresler, 398 U.S. 6, 11, 90 S. Ct. 1537, 1540 (1970) ("[W]hen it is impossible to know, in view of the general verdict returned whether the jury imposed liability on a permissible or an impermissible ground the judgment must be reversed and the case remanded." (quotation marks omitted)); see also Kestenbaum v. Falstaff Brewing Corp., 514 F.2d 690, 695 (5th Cir. 1975). We must therefore remand this case for a new trial to determine what damages, if any, can be attributed to the defamatory statement in the second flier.

Because we remand for a new trial on account of the jury's general verdict,[1] Hendrix's alternative arguments for a new trial are moot. Properly before us, however, is Hendrix's alternative argument that Bennett is a limited purpose

---

[1] To be clear, the trial for which we remand this case is solely for the purpose of determining the measure of damages, if any, caused by the defamatory statement contained in the second flier, which we have already determined is not protected by the First Amendment. See Bennett, 325 F. App'x at 735–36.

3

public figure entitled to lesser First Amendment protection. We cannot agree. To determine whether an individual is a limited public figure under Georgia law, "a court must isolate the public controversy, examine the plaintiff's involvement in the controversy, and determine whether the alleged defamation was germane to the plaintiff's participation in the controversy." Mathis v. Cannon, 573 S.E.2d 376, 381 (Ga. 2002) (quotation marks omitted). We conclude that the third prong alone is sufficient to defeat Hendrix's assertion that Bennett was a limited purpose public figure when the defamation occurred. As Hendrix concedes, the only public matter in which Bennett engaged was a committee that advocated to reform the local police force two years prior to Hendrix's reelection campaign. But of course the defamation occurred in relation to that later reelection campaign, in which Bennett played no role other than contributing money. As a result, we have concluded that the defamation was not germane to the sole public activity in which Bennett participated, and therefore he was not a limited purpose public figure at the time that defamation occurred.

For the foregoing reasons, we affirm the district court's holding that Bennett was a private figure, but remand this case for a new trial to determine the amount of damages, if any, caused by the defamatory statement in the second flier.

**REVERSED and REMANDED.**

4